**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                                 :
JUAN VASQUEZ,                    :
                                 :   Civil Action No. 09-4764 (NLH)
             Petitioner,         :
                                 :
        v.                       :        O P I N I O N
                                 :
WARDEN, FCI FORT DIX,            :
                                 :
             Respondent.         :
_____:
```

**APPEARANCES**:

    Juan Vasquez, Petitioner pro se
    30823-053
    Community Corrections Center
    2534 Creston Avenue
    Bronx, NY 10468

    Elizabeth A. Pascal, AUSA
    Office of the United States Attorney
    401 Market Street
    Camden, NJ 08101
    Attorney for Respondent

**HILLMAN**, District Judge

Petitioner, Juan Vasquez, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. For the following reasons, the petition must be dismissed as moot.

## BACKGROUND

On September 16, 2009, Petitioner filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner challenged the respondent's calculation of his eligibility for

pre-release custody, pursuant to the "Second Chance Act," 18 U.S.C. § 3624(c)(2)(as amended by the Second Chance Act of 2007, Pub. L. No. 110-199, April 9, 2008) (docket entry 1).

On November 13, 2009, Respondent filed an answer to the petition stating that Petitioner had been lawfully considered for pre-release custody placement, and that the Bureau of Prisons did consider the five-factor criteria from 18 U.S.C. § 3621(b) and made the individualized determination required by the Second Chance Act in making the pre-release custody placement decision concerning Petitioner (docket entry 6).  Petitioner requested an extension to file his reply to the answer, which was granted.  On January 6, 2010, Petitioner's reply was filed (docket entry 14).

On April 28, 2010, this Court received a letter from Respondent's counsel, Elizabeth Pascal, Assistant United States Attorney, who informed the Court that Petitioner had been released to halfway house placement on April 28, 2010, and requested that this case be dismissed as moot (docket entry 15). Petitioner has not responded to the request to dismiss as moot.

### **DISCUSSION**

Petitioner's sole request for relief in the instant petition was release from confinement to a halfway house.  It is apparent from the information submitted to this Court that the relief requested by Petitioner has been accorded.  Federal courts are not empowered to decide moot issues.  See U.S. Const. art.

III, § 2, cl. 1.; Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001)(citing North Carolina v. Rice, 404 U.S. 244, 246 (1971)). To avoid mootness, a controversy must exist at all stages of review. See id. (citing New Jersey Turnpike Auth. V. Jersey Central Power & Light, 772 F.2d 25, 31 (3d Cir. 1985)). "Mootness has two aspects:  (1) the issues presented are no longer 'live' or (2) the parties lack a cognizable interest in the outcome." Id. (quoting New Jersey Turnpike Auth., 772 F.2d at 31).

In this case, Petitioner's claims are now moot.  When Respondent placed Petitioner into the halfway house, "the Petition became moot because Petitioner was no longer threatened with 'an actual injury traceable to the [BOP] and likely to be redressed by a favorable judicial decision.'" Hagwood v. Grondolsky, 2009 WL 455499 (D.N.J. Feb. 19, 2009)(Hillman, J.)(unpubl.)(finding that Petitioner's placement into home confinement rendered his petition challenging the calculation of time for placement under the "Second Chance Act" moot)(quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)).  See also Chu v. Schultz, 2009 WL 689675 (D.N.J. Mar. 11, 2009)(Kugler, J.)(unpubl.)(also finding that Petitioner's placement into halfway house rendered Petition challenging calculation of time for placement under "Second Chance Act" moot); Speight v. Quintana, 2008 WL 4646122 (W.D. Pa. Oct. 17, 2008) (unpubl.)

(because Petitioner has been released to a halfway house, his challenge under the "Second Chance Act" "is no longer of consequence to him; he no longer has the requisite 'personal stake' in the outcome of the litigation"); Burkey v. Marberry, 556 F.3d 142 (3d Cir. 2009)(holding that federal inmate's challenge to BOP determination that he is not eligible for early release became moot when inmate was released from prison because "[t]he possibility that the sentencing court will use its discretion to modify the length of Burkey's term of supervised release . . . is so speculative that any decision on the merits by the District Court would be merely advisory and not in keeping with Article III's restriction of power"); cf. United States v. Johnson, 529 U.S. 53 (2000)(noting that statute addressing supervised release does not permit court to reduce period of supervised release even where BOP miscalculated term of imprisonment).

In the instant case, because the issues are no longer "live" and because a controversy no longer exists, the issues raised in the instant petition are moot.

4

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus will be dismissed.  An appropriate Order accompanies this Opinion.

                                               /s/ NOEL L. HILLMAN
                                               NOEL L. HILLMAN
                                               United States District Judge

At Camden, New Jersey

Dated: JUNE 29, 2010